UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF WANTAGE,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. CAGGIANO,<br><br>Defendant. | Civil Action No.<br><br>15-8480 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is the motion of plaintiff Township of Wantage, pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of New Jersey, Chancery Division, Sussex County General Equity Part. (ECF No. 2). Also before the Court is defendant *pro se* Thomas J. Caggiano's cross-motion to transfer the action to the United States District Court for the District of Nevada. (ECF No. 4). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to remand be **GRANTED** and that the cross-motion to transfer be **DENIED**.[1]

   **I.   BACKGROUND**

Plaintiff, a New Jersey municipal corporation, filed a Verified Complaint in the Superior Court of New Jersey, Chancery Division, Sussex County, which sought to enjoin Defendant from engaging in any further contact with Plaintiff, its officials, and its employees. (ECF No. 1-1).

---

[1] The parties did not request oral argument. Thus, the undersigned has issued this Report and Recommendation without oral argument, pursuant to Federal Rule of Civil Procedure 78.

Plaintiff asserted that, in 2010, Defendant commenced a "non-ending campaign" of redundant or meritless requests, under the New Jersey Open Public Records Act, to receive court records related to a 2004 harassment conviction. (*Id.* at 2–3). Plaintiff alleged that Defendant had sent it 285 emails and began making approximately 100 telephone calls to the Wantage Township Court Administrator each year, and it sought to enjoin such conduct. (*Id.* at 4–6). Plaintiff asserts no claim for money damages; it seeks only equitable relief.

Plaintiff's affidavit of service indicates that Defendant was served personally with the Verified Complaint on October 8, 2015. (ECF No. 2-4, at 1–2). Defendant, acting *pro se*, thereafter filed a notice of removal with this Court on December 4, 2015, which included citations to 28 U.S.C. §§ 1331, 1332, 1391(b)(1), 1391(g), and 1441(a). (ECF No. 1, at 6, 8). His accompanying letter brief levied broad allegations of corruption against various members of the United States and New Jersey governments, contended that prior orders by the Superior Court, Sussex County, violated Defendant's constitutional rights, and made passing reference to a $10 million counterclaim, citing 18 U.S.C. §§ 2, 4, 241, 242, 666, 1512, and 1513. (ECF No. 1, at 16–17, 21).

## II. LEGAL ANALYSIS

### A. Summary Of The Motions

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) for an Order remanding this action to the Superior Court of New Jersey. (ECF No. 2). It first argues that Defendant's notice of removal, which he filed 57 days after being served with the Verified Complaint, was untimely under the 30-day period for removal established by 28 U.S.C. § 1446(b). (ECF No. 2-1, at 6–7). Plaintiff further contends that this Court lacks subject matter jurisdiction over the sole cause of action, which seeks purely equitable relief. Plaintiff argues that Defendant has filed no counterclaim and has failed to

identify any federal question at issue. (*Id.* at 7–9). Although Plaintiff acknowledges complete diversity between the parties, it urges that the purely equitable, non-monetary relief it seeks in this action renders Defendant unable to establish that the $75,000 threshold imposed by 28 U.S.C. § 1332 is met. (*Id.* at 7–8, n.3).

Defendant opposes the motion to remand and cross-moves to transfer the action from this Court to the United States District Court for the District of Nevada. (ECF No. 4). Defendant's objection to remand seems to rest primarily on his assertions of the corruption of the Superior Court of New Jersey and its judges. (*Id.* at 2–3). In support of his cross-motion to transfer, Defendant argues that the District of Nevada (now his home district) is his preferred forum, that various pieces of evidence exist in Nevada, and that a transfer would serve the convenience of witnesses that he would seek to call, including Senators Harry Reid and Dean Heller, Congressperson Cresent Hardy, and various members of Nevada's state government. (*Id.* at 3–4).

### B. Legal Standards

There are two bases for remand presented by Plaintiff's motion: (1) Defendant's failure timely to remove the action to this Court; and (2) lack of subject matter jurisdiction. As to the first basis asserted by Plaintiff, a defendant must file for removal within 30 days of receiving the pleading containing a removable claim. 28 U.S.C. § 1446(b)(1), (b)(2)(B); *Farina v. Nokia Inc.*, 625 F.3d 97, 113 (3d Dept. 2010); *see also Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) ("[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court."). If a party files a notice of removal more than 30 days after receiving the removable pleading, the removal is defective and the action may be remanded. *Ortiz v. Richmond Elevator Co.*, Civ. A. No. 15-672 (CCC), 2015

WL 5945433, at *2–4 (D.N.J. Sept. 29, 2015); *Deutsche Bank Nat'l Trust Co. v. Onyewuenyi*, Civ. A. No. 14-3591 (WJM), 2014 WL 4354106, at *2 (D.N.J. Sept. 3, 2014).

With respect to the second basis, a party may move to remand an action to state court based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden is on the removing party to demonstrate that the case is properly before the Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### C. Analysis

The Court agrees with Plaintiff that remand is required due to Defendant's failure to remove this action to the Court within the 30-day period prescribed by 28 U.S.C. § 1446(b). Plaintiff introduces proof that Defendant was served personally with the Summons and Complaint on October 8, 2015, (ECF No. 2-4, at 1–2), which Defendant does not contest. Defendant did not file his notice of removal until 57 days later, December 4, 2015. (ECF No. 1). Accordingly, the removal was untimely and defective, and the action must be remanded to the Superior Court of New Jersey.

Even had Defendant timely filed his notice of removal, the action still would be subject to remand because Defendant fails to meet his burden of demonstrating that this Court has subject matter jurisdiction. Plaintiff's Verified Complaint seeks only equitable relief under state law. (*See* ECF No. 1-1). Defendant does not argue that Plaintiff's claim could be considered to raise a federal question, and Defendant makes no suggestion that the equitable relief demanded could satisfy the required $75,000 amount in controversy for diversity jurisdiction under 28 U.S.C.

4

§ 1332. *See Haines & Kibblehouse, Inc. v. Balfour Beatty Constr., Inc.*, Civ. A. No. 06-4807 (TMG), 2007 WL 8026873, at *3 (E.D. Pa. June 7, 2007). Defendant's citation in his motion papers to various criminal portions of the United States Code and his vague allusions to a $10-million counterclaim cannot suffice to create jurisdiction, as no such claim appears to have been asserted in his Answer.[2]

Because remand to the Superior Court of New Jersey is appropriate, the Court does not reach Defendant's cross-motion to transfer the action to the District of Nevada. It notes, however, that this action bears no apparent relationship to the State of Nevada insofar as it relates entirely to Defendant's conduct in New Jersey directed at a New Jersey township and its employees.

### III.  CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion to remand this action to the Superior Court of New Jersey be **GRANTED** and that Defendant's cross-motion to transfer the action to the United States District Court for the District of Nevada be **DENIED AS MOOT**.

Dated: March 9, 2016

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
    cc:     Hon. Susan D. Wigenton, U.S.D.J.
            All Parties

---

[2] With respect to a counterclaim, Defendant's rambling, hand-written Answer appears to state, "I will file Federal Question & Counterclaim for $10 million. Court of original jurisdiction is US District. Motion will be made to transfer." (ECF No. 2-4, at 15). Defendant's statement of future intent to file a counterclaim cannot fairly be interpreted as the assertion of a counterclaim in his Answer.

5

Case 2:15-cv-08480-SDW-LDW   Document 8   Filed 03/09/16   Page 6 of 6 PageID: 768