<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 31, 2016

Steven R. Tombalakian
Weiner Lesniak LLP
629 Parsipanny Road; P.O. Box 438
Parsippany, NJ 07054
*Attorney for Township of Wantage.*

Thomas J. Caggiano
7089 Arcadia Glen Court
North Las Vegas, NV 89084
*Pro se.*

<u>**LETTER ORDER FILED WITH THE CLERK OF THE COURT**</u>

    Re:    **Township of Wantage v. Thomas J. Caggiano**
            **Civil Action No. 15-08480-SDW-LDW**

Litigants:

Before this Court is the Report and Recommendation ("R&R") entered on March 9, 2016, by Magistrate Judge Leda Dunn Wettre ("Judge Wettre"), (Dkt. No. 8.), recommending that this Court grant Township of Wantage's ("Wantage" or "Plaintiff") December 22, 2015 Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, Sussex County General Equity Part, (Dkt. No. 2), and deny Defendant Thomas J. Caggiano's ("Defendant") Cross-Motion to Transfer this action to the United States District Court for the District of Nevada. (Dkt. No. 4.) Defendant filed a 135-page submission to this Court, which is largely incoherent, on

March 21, 2016.  (Dkt. No. 9.)  Nonetheless, this Court will construe Defendant's submission as an objection to the R&R.

Having carefully considered the submissions and arguments of the parties, and having conducted a *de novo* review of the parties' Motions, this Court **ADOPTS** Judge Wettre's R&R as the conclusions of law of this Court.

A. Background

On September 29, 2015, Plaintiff, a New Jersey municipal organization, filed suit against Defendant in the Superior Court of New Jersey seeking to enjoin Defendant from contacting Plaintiff, its officials, and its employees.  (Dkt. No. 1-1.)  The Complaint alleges that Defendant made redundant or meritless requests for records pertaining to a 2004 harassment conviction by sending numerous e-mails and making frequent telephone calls.  (Dkt. No. 2-6.)  Although Plaintiff's Complaint does not include any claims under federal law and seeks only equitable relief, Defendant, acting pro se, removed the matter to this Court on December 4, 2015.  (Dkt. No. 1.)  In response, Plaintiff moved for remand of this matter to the Superior Court of New Jersey on December 22, 2015, pursuant to 28 U.S.C. § 1447(c).  (Dkt. No. 2.)  Defendant filed his Opposition to Plaintiff's Motion and Cross-Motion to Transfer this Case to the U.S. District Court for the District of Nevada on January 19, 2016.  (Dkt. No. 4.)  Judge Wettre filed her R&R recommending that this Court grant Plaintiff's Motion and deny Defendant's Cross-Motion on March 9, 2016, (Dkt. No. 8), and Defendant filed his Objection on March 21, 2016.  (Dkt. No. 9.)

B. Legal Standard for Review of a Report and Recommendation

A district court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court.  28 U.S.C. § 636(b)(1)(B).  The Federal Magistrate Act

2

"distinguishes between two categories of matters that a district judge can refer to a magistrate judge." *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). The two categories are pretrial matters and dispositive matters. § 636(b)(1)(A); *Nat'l Labor Relations Bd.*, 966 F.2d at 816. Pretrial matters are reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A). On the other hand, dispositive matters are reviewed under the *de novo* standard. § 636(b)(1)(C). Once a magistrate judge has filed her recommendation with the court, within a fourteen-day period after being served, "any party may serve and file written objections to such proposed findings and recommendations . . . [and a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) ("If a party timely and properly files such a written objection, the District Court 'shall make a de novo determination' of those portions of the report . . . or recommendations to which objection is made" (emphasis omitted)).

C. <u>Remand is Appropriate</u>

After a *de novo* review of the parties' submissions, this Court finds that Defendant did not timely remove this matter from the Superior Court of New Jersey and that, even if he had, this Court lacks subject-matter jurisdiction. A defendant must file for removal within thirty days of receiving the pleading containing a removable claim, otherwise the removal is defective and the action may be remanded. 28 U.S.C §§ 1446(b)(1), (b)(2)(B); *Farina v. Nokia Inc.*, 625 F.3d 97, 113 (3d Cir. 2010); *Deutsche Bank Nat'l Trust Co. v. Onyewuenyi*, Civ. A. No. 14-3591, 2014 WL 4354106, at *2 (D.N.J. Sept. 3, 2014). Here, Plaintiff served Defendant personally with the Summons and Complaint on October 8, 2015 (Dkt. No. 2-4 at 1-2), and Defendant did not file his

3

Notice of Removal until fifty-seven days later on December 4, 2015. (Dkt. No. 1.) Accordingly, Defendant's removal of this matter was untimely and this matter may, therefore, be remanded.

Moreover, even had Defendant timely filed his Notice of Removal, remand would be appropriate because this Court lacks subject-matter jurisdiction. When either party moves for remand from a district court to a state court under 28 U.S.C §1447(c), the party asserting federal jurisdiction bears the burden of establishing the district court's subject-matter jurisdiction. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d. Cir. 2007). "[A]ll doubts concerning subject matter jurisdiction should be resolved in favor of remand." *Haines & Kibblehouse, Inc. v. Balfour Beatty Const., Inc.*, No. 06-CV-04807, 2007 WL 8026873, at *3 (E.D. Pa. June 7, 2007). However, Defendant neither contends that Plaintiff's claim could raise a federal question, nor alleges that Plaintiff's request for equitable relief could satisfy the required $75,000 amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332. *See id*; (*see also* Def.'s Br. Opp. and Cross Mot. 5.) Moreover, Defendant's citations to various criminal sections of the U.S. Code and vague references to a $10 million counterclaim in his Notice of Removal do not establish this Court's subject-matter jurisdiction, especially since those claimed bases for jurisdiction were not clearly asserted in Plaintiff's Answer.[1] (Dkt. No. 1 at 16-17, 21); *see Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014) *aff'd*, 604 F. App'x 108 (3d Cir. 2015) *cert. denied*, 136 S. Ct. 141, 193 L. Ed. 2d 106 (2015) ("For federal jurisdiction to attach to state law claims, a substantial,

---

[1] Defendant's Answer states the following: "I will file Federal Question & Counterclaim for $10 million. Court of original jurisdiction is US District. Motion will be made to transfer." (Dkt. No. 2-4, at 15). However, this Court agrees with Magistrate Judge Wettre that this statement "cannot be fairly interpreted as the assertion of a counterclaim in his Answer." (*See* Dkt. No. 8, at 5).

4

disputed question of federal law must be a necessary element of a well-pleaded state claim") (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Because this Court lacks subject-matter jurisdiction, Defendant's Cross-Motion to Transfer is denied as moot. *See Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, No. 15-6163, 2016 WL 1030143, at *11 (D.N.J. Mar. 15, 2016) (dismissing for lack of subject-matter jurisdiction, and dismissing Defendant's motion to transfer "because it is moot"); *Coldwell Banker Real Estate, LLC v. Jupe Real Estate, LLC*, No. CIV.A. 11-6524, 2012 WL 479723, at *3 (D.N.J. Feb. 14, 2012) (same); *Smith v. Dunbar Armored, Inc.*, No. 09–6372, 2010 WL 2521450, at *2–3 (D.N.J. June 10, 2010) (granting remand and denying defendant's motion to transfer because there was no support to "transfer this action to a different district in which jurisdiction would be lacking.").

## **CONCLUSION**

For the reasons set forth above,

**IT IS** on this 31st day of March, 2016,

**ORDERED** that this Court **ADOPTS** Judge Wettre's R&R as the conclusions of law of this Court, and it is further

**ORDERED** that Plaintiff's Motion to remand is **GRANTED**, and it is further

**ORDERED** that Defendant's Motion to Transfer is DENIED.

**SO ORDERED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties
    Leda D. Wettre, U.S.M.J.

5